FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE #3740
Chief, Criminal Division

CYNTHIA LIE
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: cynthia.lie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 19 2014

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CR14-01005 JMS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. _____ |
| Plaintiff, | INDICTMENT |
| vs. | 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) |
| CLARENCE MITSUYOSHI OKURA, a/k/a "Mits" Okura, | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity) |

**INDICTMENT**

1

COUNT 1
(18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud)

The Grand Jury charges that:

1. From a precise date unknown to the Grand Jury, but beginning in or by 2008 and continuing to in or about October 2014, in Hawaii, and elsewhere,

**CLARENCE MITSUYOSHI OKURA,**
**a/k/a "Mits" Okura,**

("the Defendant"), and J.A.H. unlawfully and knowingly did combine, conspire, and agree with others known and unknown to the Grand Jury, to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

The Scheme to Defraud

In furtherance of the conspiracy and to effect its illegal objects, the Defendant committed the following acts, among others:

2. The Defendant and J.A.H. knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money from investors, by means of materially false and fraudulent pretenses and representations, promises, and omissions as well as omissions of material facts, well knowing at the time that such pretenses, representations, promises and omissions would be and were false when made.

3. The Defendant falsely told a number of investors, including but not limited to W.N.O., K.J.O., and J.M.H., that he was

2

accepting investments for a real estate and community development project in the Kahuku area of Oahu's North Shore through Ko'olau Loa Partners, Inc. in a project called the Ko'olau Loa Project ("KLP"). In fact, and as he well knew, and failed to disclose, the Defendant did not use the money for the North Shore development project, and instead was accepting and using a substantial portion of the investor money to supplement his personal income and to pay his personal expenses.

4.   When the Defendant communicated with investors about the status of their investments with him in the North Shore development project, the Defendant failed to disclose to the investors that he had already spent a substantial portion of their investment money to supplement his personal income and to pay his personal expenses.

### The Means and Methods of the Conspiracy

5.   It was part of the manner and means of the conspiracy that:

(A) the Defendant and J.A.H. made materially false statements to investors by omitting to disclose material information and making statements that were materially misleading and deceptive;

(B) the Defendant transmitted, and caused to be transmitted, wire communications to be transmitted in interstate commerce in order to further the scheme; and

(C) the Defendant used a substantial portion of the investor money to supplement his personal income and to pay his personal expenses.

## Overt Acts

### Victims W.N.O. and K.J.O.

6. In or about March of 2010, the Defendant falsely represented to W.N.O. and K.J.O. that their investment would be used for the Ko'olau Loa Project and failed to disclose to them that the Defendant would use a substantial portion of their investment to supplement the Defendant's personal income and to pay for his personal expenses.

7. On about March 11, 2010, the Defendant did cause to be transmitted, in interstate commerce, by means of wire communications, an email from the Defendant to investor W.N.O. containing a draft promissory note for W.N.O. and K.J.O.'s $100,000 investment in KLP.

8. On or about March 19, 2010, the Defendant converted a $100,000 personal check from W.N.O. and K.J.O. into a cashier's check which he subsequently deposited into the Defendant's business, GMM Consultants, LLC's account at Hawaii USA Federal Credit Union, account number ending in 164 ("GMM account").

### Victim J.M.H.

9. On or about March 9, 2011, the Defendant did cause to be transmitted, in interstate commerce, by means of wire communications, an email from the Defendant to investor J.M.H.

4

requesting additional investment money, in which the Defendant falsely represented that this investment was for KLP-related processing and transfer costs and in which the Defendant failed to disclose that he would use a substantial portion of this investment money to supplement the Defendant's personal income and to pay for the Defendant's personal expenses.

10.   On or about March 10, 2011, the Defendant deposited a $50,000 cashier's check from J.M.H. into the Defendant's GMM Account.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
## 18 U.S.C. § 1343 - Wire Fraud

The Grand Jury further charges:

8. The Grand Jury realleges and incorporates as though set forth in full herein the allegations of Counts 1 through 7 of this Indictment.

9. On or about the dates listed below for the respective counts, in the District of Hawaii and elsewhere, the Defendant,

**CLARENCE MITSUYOSHI OKURA,**
**a/k/a "Mits" Okura,**

for the purpose of executing the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Date (on or about) | Wire |
|---|---|---|
| 2 | March 18, 2010 | Email from the Defendant to investor W.N.O. with draft promissory note. |
| 3 | March 10, 2011 | Email from the Defendant to investor J.M.H. requesting additional investment money. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 4
### 18 U.S.C. § 1957 - Monetary Transaction

The Grand Jury further charges:

10. The Grand Jury realleges and incorporates as though set forth in full herein the allegations of Counts 1 through 9 of this Indictment.

11. On or about March 19, 2010, in the District of Hawaii and elsewhere, the Defendant,

**CLARENCE MITSUYOSHI OKURA,**
a/k/a "Mits" Okura,

did knowingly engage and attempt to engage in the following monetary transaction in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. 1343:

| Count | Date (on or about) | Monetary Transaction |
|---|---|---|
| 4 | March 19, 2010 | Transfer of $85,000 from the Defendant's GMM Account to the Defendant's personal account at Hawaii USA Federal Credit Union, account number ending in 207. |

All in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATIONS

The United States further charges that:

12. As a result of committing the offense alleged in Counts One through Three,

**CLARENCE MITSUYOSHI OKURA,**
**a/k/a "Mits" Okura,**

if convicted, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982 and 28 U.S.C. § 2461(c), any property, real or personal, involved in the offense, and any property traceable to such offenses.

13. As a result of committing the offense alleged in Count Four,

**CLARENCE MITSUYOSHI OKURA,**
**a/k/a "Mits" Okura,**

if convicted, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) any property, real or personal, involved in the offense, and any property traceable to such offense.

14. If any of the property described above, as a result of of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

DATED: November 19, 2014, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Chief, Criminal Division

CYNTHIA LIE
Assistant U.S. Attorney

U.S. v. Okura
Cr. No.
Indictment

10